UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILSON-DAVIS & CO., INC.<br>236 South Main Street<br>Salt Lake City, UT  84101-2104<br><br>        Plaintiff,<br><br>v.<br><br>JAMES MIRGLIOTTA,<br>449 Berwick Circle<br>Aurora, OH  44202<br><br>and<br><br>JAMES MIRGLIOTTA, ADMINISTRATOR OF THE ESTATE OF BETTE MIRGLIOTTA, DECEASED<br>449 Berwick Circle<br>Aurora, OH  44202<br><br>        Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Wilson-Davis & Co., Inc. ("Plaintiff" or "Wilson-Davis") hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 4.  The Court also has subject matter jurisdiction over the claims set forth in this Complaint pursuant to

1

2. 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff, on the one hand, and both Defendants, on the other, and the amount in controversy exceeds $75,000.

3. The Court has personal jurisdiction over the Defendants in that they reside in Ohio.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5. Wilson-Davis is a corporation organized under the laws of the State of Utah and with its principal place of business in Salt Lake City, Utah. Wilson-Davis is a national securities clearing firm that operates an equity trade execution desk that transacts only unsolicited trade orders on behalf of clients. Wilson-Davis is a member of the Financial Industry Regulatory Authority ("FINRA").

6. James Mirgliotta is an individual who, on information and belief, resides in Aurora, Ohio.

7. The late Bette Mirgliotta was, on information and belief, James' wife and a resident of Aurora, Ohio. On information and belief, James is the duly appointed personal representative of the Estate of Bette Mirgliotta.

## BACKGROUND AND FACTUAL BASIS FOR CLAIMS

8. On or about November 11, 2016, Defendants filed their First Amended Statement of Claim ("Statement of Claim") in an arbitration commenced with FINRA against Wilson-Davis (among others), FINRA Case No. 16-02100 (the "Arbitration"). (Exhibit A – First Amended

Statement of Claim - filed under seal[1]) FINRA has set the location of the arbitration hearing as Cleveland, Ohio. (Exhibit B – FINRA July 26, 2016 letter, p. 3 - filed under seal)

9. In the Statement of Claim, Defendants seek damages in the amount of over $778,000 from Wilson-Davis and other defendants. On information and belief, Defendants are seeking damages against Wilson-Davis in excess of $700,000. Additionally, if forced to arbitrate claims that Wilson-Davis did not agree to arbitrate before FINRA, Wilson-Davis will incur legal fees and expenses significantly in excess of $75,000. (Exhibit A, **RELIEF SOUGHT**, p. 14)

10. According to Defendants' allegations, their arbitration claims against Wilson-Davis arise out of certain purchases of stock with Defendants' monies and certain transfers of Defendants' monies that Defendants claim were fraudulent and unauthorized. (Exhibit A, ¶¶82-85)

11. Defendants allege that brokerage accounts were opened in their names at Wilson-Davis without their authorization, knowledge or consent and with a forged account agreement. (Exhibit A, ¶¶25, 52)

12. Defendants further allege that subsequent trades at Wilson-Davis in those accounts were made without their authorization, knowledge or consent and were based on a forged account agreement. (Exhibit A, ¶¶25, 52, 81-85)

13. There is no agreement to arbitrate between Defendants and Wilson-Davis.

14. Defendants have no right to bring this Arbitration against Wilson-Davis under the FINRA Arbitration Code, which requires FINRA members to arbitrate only certain disputes. In the absence of a written arbitration agreement, FINRA Rule 12200 requires members to arbitrate claims only if the arbitration is requested by a "customer," the dispute is "between a customer

---

[1] Under FINRA rules, its arbitration proceedings are confidential. Accordingly, Plaintiff manually filed the First Amended Statement of Claim under seal with the Clerk of Courts.

and a member or associated person of a member," and the "dispute arises in connection with the business activities of the member of the associated period." Defendants do not qualify as a "customer" under FINRA Rule 12220 because, according to their own allegations, all accounts were set up and activity on those accounts at Wilson-Davis was transacted fraudulently, without their authorization, knowledge, or consent.  (Exhibit A, ¶¶25, 52, 81-85)

### FIRST CLAIM FOR RELIEF:  DECLARATORY JUDGMENT

15. Wilson-Davis realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. No agreement to arbitrate exists between Wilson-Davis and Defendants.

17. Defendants seeks arbitration based on Rule 12200 of the FINRA Code of Arbitration by submitting their dispute to FINRA's Dispute Resolution system. However, in the absence of an agreement to arbitrate, Rule 12200 only requires arbitration if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," and the "dispute arises in connection with the business activities of the member of the associated period."

18. Defendants were not Wilson-Davis customers.

19. Accordingly, Wilson-Davis lacks any obligation to arbitrate any claims brought by Defendants.

20. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with immediacy.

21. Wilson-Davis therefore, requests a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that it has no obligation to arbitrate Defendants' claims.

## SECOND CLAIM FOR RELIEF:  INJUNCTIVE RELIEF

22. Wilson-Davis realleges and incorporates by reference the paragraphs 1-13 as though fully set forth herein.

23. Wilson-Davis will suffer immediate and irreparable harm if it is compelled to arbitrate claims that it did not agree to arbitrate.

24. Wilson Davis has a likelihood of success on the merits. Wilson-Davis has no obligation to arbitrate with Defendants based on the claim asserted against Wilson-Davis in the Arbitration. There is no applicable agreement to arbitrate between Wilson-Davis and Defendants, and Defendants are not "customers" of Wilson-Davis as required by FINRA Rule 12200.

25. Wilson-Davis has no adequate remedy at law.

26. Wilson-Davis is entitled to preliminary and permanent injunctive relief enjoining Defendants from further proceedings against Wilson-Davis in the Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Wilson-Davis demands judgment as follows:

A. Entry of a declaratory judgment that Wilson-Davis has no obligation to arbitrate the claims asserted by Defendants in the Arbitration;

B. Entry of orders preliminarily and permanently enjoining Defendants from further proceedings against Wilson-Davis in the Arbitration; and

C. Granting Wilson-Davis any other and further relief as the Court may deem just and proper.

5

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (Ohio Bar #0025491)
Smith Marshall, LLP
7251 Engle Road, Suite 404
Middleburg Hts., OH 44130
(440) 243-4994
Fax: (440) 243-6598
Email; pjw@smithmarshall.com

and

Mark O. Van Wagoner (Utah #3323)
Savitch, Yeates & Waldron
170 South Main Street
Salt Lake City, UT 84101
(801) 328-2200
Email: movw@comcast.net

Co-counsel for Plaintiff,
Wilson-Davis & Co., Inc.